IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRECK MAYS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO. 3:13-cv-1272-M-BF |
| | § | |
| DALLAS COUNTY SHERIFF | § | |
| LUPE VALDEZ, ET AL., | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference.  Defendants Dallas

County and Sheriff Lupe Valdez have filed a motion for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c).  For the following reasons, the District Court should grant

the motion.

**Background**

This is a *pro se* civil rights action brought by Derreck Mays, a Texas prisoner, against Dallas

County Sheriff Lupe Valdez and two unnamed City of Dallas Police Department officers for civil

rights violations under 42 U.S.C. § 1983.  In his Original Petition,[1] Plaintiff alleges that, on or about

January 25, 2013, two Dallas police officers subjected him to an illegal search, arrested him without

proper cause, physically assaulted him, and fabricated evidence against him.  *See* Plf. Orig. Pet. at

3-6, ¶¶ 3, 9, 12.  Plaintiff further alleges that he was denied medical care for his injuries while

---

[1]  Plaintiff filed his lawsuit in Texas state court, and Sheriff Valdez properly removed it to federal court on grounds that the case involves a federal question.  *See* 28 U.S.C. § 1331.

confined in the Dallas County Jail. *Id.* at 7, ¶ 15.  Specifically, Plaintiff alleges that Dallas County

Jail employees ignored his requests for necessary medical treatment for internal bleeding and an

infection that resulted from the Dallas police officers' use of force. *See id.*  Plaintiff contends that

"Dallas County Jail employees were negligent when they failed in their duty to use reasonable care

concerning Plaintiff's condition, and causing the Plaintiff to be hospitalized for five days." *Id.*

Defendants Dallas County and Sheriff Valdez now move for judgment on the pleadings under

Fed. R. Civ. P. 12(c) on grounds that Plaintiff has failed to state a plausible claim against Sheriff

Valdez in her individual or official capacity.[2]  Plaintiff failed to file a written response to the motion.

Accordingly, the Court considers the motion without the benefit of a response.

**Legal Standards**

A Rule 12(c) motion is governed by the same standards that apply to a Rule 12(b)(6) motion

to dismiss. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).  A district

court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be

granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City*

*of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance*

*Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)).  To survive dismissal, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level[.]"  *Id.*, 550 U.S. at 555.  The court accepts all

well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Brown v.*

---

[2] Although not named as a defendant by Plaintiff in his Original Petition, Dallas County joins the motion for judgment on the pleadings because it is the real party in interest as to any claims against Sheriff Valdez in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

*Miller*, 519 F.3d 231, 236 (5th Cir. 2008).  However, conclusory allegations and assertions will not

suffice.  *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

### Analysis

To state a claim against Sheriff Valdez in her individual capacity, Plaintiff must plead enough

facts to show that either: (1) she affirmatively participated in the acts that caused a constitutional

deprivation, or (2) she implemented unconstitutional policies that resulted in injury to Plaintiff.  *See*

*Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).  Plaintiff does not allege that Sheriff

Valdez was personally involved in any of the alleged constitutional deprivations made the basis of

this suit.  Plaintiff's allegations of an illegal search, unlawful arrest, use of excessive force, and

fabricating evidence in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to

the United States Constitution pertain solely to conduct by the two unnamed Dallas police officers

and do not concern Sheriff Valdez or any Dallas County employee.  Nor does Plaintiff allege that

Sheriff Valdez was personally involved in any denial of medical care to Plaintiff while he was

confined in the Dallas County Jail.  To the extent Plaintiff contends that Sheriff Valdez is liable for

the alleged denial of medical care by virtue of her supervisory position at the Dallas County Jail, it

is well established that supervisory officials cannot be held liable under Section 1983 for the actions

of their subordinates on any theory of vicarious liability.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S.

658, 691-95 (1978).  Plaintiff further fails to identify any policy, custom, or practice that sanctions

or condones the alleged denial of medical care.  Plaintiff has thus failed to state a claim against

Sheriff Valdez in her individual capacity.

Moreover, Plaintiff fails to state a cognizable claim for denial of medical care because he

alleges only that Dallas County Jail employees were negligent in failing to promptly respond to his

requests for help. Plf. Orig. Pet. at 7, ¶ 15. Negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) (allegations of denial of reasonable medical care must demonstrate more than mere negligence). For Plaintiff to state a claim for denial of medical care under Section 1983, he must allege that the Dallas County Jail employees acted with deliberate indifference to a serious medical condition such as to cause the "unnecessary or wanton infliction of pain[.]" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This, in turn, requires Plaintiff to allege that the jail employees were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Here, Plaintiff alleges only that Dallas County Jail employees were negligent in failing to respond to his requests for help for seven days. Plf. Orig. Pet. at 7, ¶. Without more, such allegations do not state a claim for a constitutional violation. *See Smith v. Sherman*, No. 3:06-CV-0941-BD, 2007 WL 2757811, at *1 (N.D. Tex. Sept. 21, 2007) ("Mere delay in the rendering of medical treatment does not, in itself, rise to the level of a constitutional violation."). Consequently, Plaintiff's claims against Sheriff Valdez in her individual capacity should be dismissed.

To the extent Plaintiff attempts to state a claim against Sheriff Valdez in her official capacity, such claims are actually claims against Dallas County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (lawsuit against official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity"); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir. 1996) (claims against sheriff in his official capacity are to be treated as claims against the county). A

municipality is not vicariously liable for the constitutional torts of its employees under the theory of *respondeat superior*. *See Monnell*, 436 U.S. at 691. Instead, municipal liability under Section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Hampton Co. Nat'l Surety, LLC v. Tunica Co.*, 543 F.3d 221, 227 (5th Cir. 2008). To state a claim, Plaintiff must "plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation." *McClure v. Biesenbach*, 355 F. App'x 800, 803 (5th Cir. Dec. 9, 2009). Plaintiff has failed to identify a policymaker or any specific policy or custom that resulted in his alleged injuries. Accordingly, Plaintiff's claims against Sheriff Valdez in her official capacity should be dismissed.

The only claims that remain in this lawsuit are Plaintiff's claims against the unnamed Dallas police officers for illegal search, wrongful arrest, excessive force, and fabricating evidence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a Section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 512 U.S. at 487. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity" of the state criminal proceeding. *Id.* If so, the claim is barred. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000). A search of the Dallas County Criminal Court records reveals that Plaintiff has now pled guilty to numerous charges arising out of his arrest in January 2013, including possession of a controlled substance, resisting arrest, and assault of a public servant. There is no indication that those convictions have been reversed or invalidated. Consequently, Plaintiff

cannot maintain his Section 1983 claims against the unnamed Dallas police officers. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. Nov. 12, 2004) (claims of false arrest based on evidence-tampering challenge the validity of state court convictions and are barred by *Heck*); *Arnold v. Slaughter*, 100 F. App'x 321, 323 (5th Cir. June 14, 2004) (same as to excessive force claims where plaintiff convicted of resisting arrest). Accordingly, Plaintiff's claims against the police officers should be dismissed "with prejudice to [ ] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## Recommendation

The District Court should GRANT Defendants' Motion for Judgment on the Pleadings (Doc. 7) and DISMISS with prejudice all of Plaintiff's claims and causes of action against Sheriff Lupe Valdez. The District Court also should DISMISS with prejudice, until the *Heck* conditions are met, Plaintiff's claims against the unnamed Dallas police officers.

**SO RECOMMENDED**, November 1, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).